IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELMER ELMORE, JR.                                                                  PLAINTIFF

v.                           Civil No. 2:19-CV-02154

CRAIG MOHR (Jail Administrator),                                                 DEFENDANTS
OFFICER MIKE GODFREY, CANDICE
(Head Jailer), BEN (Jailer)

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on December 11, 2019. (ECF No. 1). He alleges his constitutional rights were violated during his incarceration in the Polk County Detention Center ("PCDC") on August 15, 2019. (*Id*. at 2, 4). He alleges his claim is based on "the matter of [a] faulty shower," and the practice of padlocking inmates in with Master® locks. (*Id*. at 4). Plaintiff alleges the shower knob was broken, with a "blunt metal switch" like a light, rather than a normal shower knob. He further alleges the shower "spot" was a tight space of approximately 3 feet by 3 feet, and he told "them" it was dangerous. Plaintiff alleges he is blind in his left eye and got soap in his right eye while showering. He then slipped and hit his head above his blind eye, resulting in a one-quarter inch deep hole in his head. (*Id*. at 4, 5). He states other inmates told him that the shower had been that way since before Plaintiff was incarcerated. (*Id*. at 4). Defendants Mohr and Godfrey had the shower fixed the day after he fell. (*Id*. at 5). Plaintiff does not understand

1

how the jail was so far behind on maintenance, and does not believe the shower would have been fixed "until something like this happened." (*Id*.). Plaintiff further alleges Defendant Candice delayed taking him up front for approximately 1.5 hours, and then there was no nurse or doctor present in the facility. Pictures of his injury were taken. (*Id*. at 6). Plaintiff does not describe any issue or injury arising from the use of padlocks in the facility.

Plaintiff proceeds against all Defendants in both their official and personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

### A.  Official Capacity Claims

Plaintiff fails to state any plausible official capacity claims.  Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits.  As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff fails to identify any policy or custom of Polk County which violated his rights.  He, therefore, fails to state any plausible official capacity claims.

### B.  Conditions of Confinement

Plaintiff fails to allege a plausible conditions of confinement claim based on a blunt broken shower knob or the use of padlocks.  "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted).  The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.  U.S. Const. amend. VIII.  Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ."  *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v.*

3

*Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

The Eighth Circuit has addressed the failure to repair dangerous conditions several times in the context of inmate work assignments. "It is well established that when prison officials intentionally place prisoners in dangerous surroundings. . . they violate the Eighth Amendment." *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir. 1990). In *Fruit*, allegations that inmates were forced to clean out a raw sewage wet-well for the prison sewage system in temperatures reaching 125

4

degrees Fahrenheit, and without required protective gear, was sufficient to survive a Rule 41(b) motions for dismissal. *Id.* at 1151.

In contrast, failing to repair or maintain work equipment has been held to be mere negligence. *See e.g. Warren v. State of Mo.*, 995 F. 2d 130 (8th Cir. 1993) (failure to add safety equipment to table saws was mere negligence, even assuming Plaintiffs' allegations of prior accidents were true, because prison officials investigated each accident and ensured equipment was working properly); *Bibbs v. Armontrout*, 943 F. 2d 26 (8th Cir. 1991) (failure to replace a missing safety guard on license plate "inker" which resulted in partial loss of two fingers was mere negligence because there was "no evidence showing that the prison officials knew that guards were not covering the gears of the inker or that they willfully overlooked the condition of the equipment).

In a more general facilities maintenance context, an inmate claim that prison guards had deliberately removed the safety shield from the tuberculosis lights in his cell, thus exposing him to ultraviolet radiation for 14 hours, was sufficient to survive summary judgment. However, the prison maintenance supervisor's failure to replace the shield promptly after he was notified it was missing was mere negligence. *Williams v. Jackson*, 600 F.3d 1007, 1014 (8th Cir. 2010). Likewise, "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014); *see also Jackson v. State of Ariz.,* 885 F.2d 639, 641 (9th Cir. 1989) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.")

Plaintiff's allegations fail to meet either prong of the test. Plaintiff's allegations imply that the blunt broken shower knob and tight space were responsible for the soap in his eye and his slip

5

and fall in the shower, although he does not state exactly how these events are causally connected. He states that the shower knob was not repaired until he fell, but was promptly investigated and repaired when Defendants were notified of his fall. Nothing in these allegations permits the inference that Defendants deliberately exposed to him to shower conditions which posed an excessive risk to his health or safety. Thus, Plaintiff's allegations concerning his slip and fall do not rise to the level of a constitutional violation. At most, he has stated a claim of ordinary negligence, which is not actionable under § 1983.

Plaintiff also fails to state a plausible claim concerning the use of padlocks in the facility. He has not identified how the use of these locks posed an excessive risk to his health or safety, nor has he alleged that he suffered any injury arising from the use of the padlocks in PCDC. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (A § 1983 action is a type of tort claim, and a plaintiff must suffer some actual injury before he can receive compensation, and the injury must be more than *de minimus*.).

### C. Delay or Denial of Medical Care

Although not the main focus of his Complaint, Plaintiff also alleges the denial or delay of medical care based on his statement that he was not taken "up front" for more than an hour, and then there was no doctor or nurse in the facility to tend to his injury. This allegation also fails to state a plausible claim. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious

6

medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

Deliberate indifference may be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis[,]'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub,* 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir.

1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

For the purpose of screening, the Court will assume that Plaintiff's injury constituted an objectively serious medical need. Plaintiff fails to allege, however, that Defendants ignored an acute or escalating situation, that he did not ultimately receive appropriate medical care, or that the 1.5-hour delay adversely affected his prognosis. That Plaintiff did not receive medical care as quickly as he might prefer does not rise to the level of a constitutional violation. Nor is there any precedent in the Eighth Circuit which requires county jails to have in-house medical staff available to inmates 24 hours a day. Plaintiff, therefore, fails to allege a plausible denial or delay of medical care claim.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore direct the clerk to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 21st day of February 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE